UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHANIE M. D., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C25-5073-BAT <br><br> **ORDER REVERSING AND REMANDING** |

Plaintiff seeks review of the denial of her application for Supplemental Security Income Benefits. She contends the ALJ erred by finding the medical opinions of Dr. David Mashburn unpersuasive and requests remand to the administration to cure this error. Dkt. 7. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 46 years old, has a GED, and has no past relevant work. Tr. 31, 284, 307, 342. Plaintiff applied for benefits on February 4, 2021, alleging disability as of the same date. Tr. 17. Her application was denied initially and upon reconsideration. ALJ Mark Triplett conducted a hearing on February 16, 2024, and issued a decision finding Plaintiff not disabled on March 27, 2024. Tr. 17-32, 121-50. As the Appeals Council denied Plaintiff's request for review,

ORDER REVERSING AND REMANDING - 1

the ALJ's decision is the Commissioner's final decision. Tr. 1-4. Plaintiff now seeks judicial review of the March 2024 decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, [1] the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date; Plaintiff had the following severe impairments: depressive disorder, trauma disorder, bipolar disorder, and degenerative disc disease; and these impairments did not meet or equal the requirements of a listed impairment.[2] Tr. 19-22. The ALJ found Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b) except:

> She can occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolds. She can tolerate occasional exposure to workplace hazards such as unprotected heights and exposed, moving machinery. She can perform simple, routine tasks, and can tolerate occasional contact with coworkers and supervisors. She cannot engage in tasks that require teamwork or close collaboration with coworkers. She can tolerate no direct interaction with the general public. She cannot engage in work that is highly time sensitive, such as conveyor belt production work or work that involves timed, production quotas. She requires regular work breaks at 2-hour intervals. She can tolerate occasional changes to work routines and work processes.

Tr. 24. The ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy, and she was therefore not disabled. Tr. 31.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING - 2

of an error that is harmless. *Id.* at 1111. The Court may neither reweigh evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id.*

**A.     Dr. Mashburn's Opinions**

Plaintiff argues the ALJ erred in rejecting both the 2021 and 2022 opinions of Dr. David Mashburn, Ph.D. Dkt. 7 at 2. The ALJ considers the persuasiveness of medical opinions using five factors (supportability, consistency, relationship with claimant, specialization, and other), but supportability and consistency are the most important factors. 20 C.F.R. §§ 416.920c(b)(2), (c) (2017). The ALJ must explain how he considered supportability and consistency, but he need not explain how he considered the other factors. 20 C.F.R. §§ 416.920c(b) (2017).

An ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Conclusions alone are insufficient – "an ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."" *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

Supportability means the extent to which a medical source supports their medical opinion by explaining the relevant objective medical evidence. *Woods*, 32 F.4th at 791-92. Consistency means the extent to which the medical opinion is consistent with the evidence from the other medical and nonmedical sources in the claim. *Id.* at 792. ALJs are required to consider the totality of the record in evaluating the consistency of a medical opinion. *James T. v. Kijakazi,* 2023 WL 6207759, at *5 (E.D. Wash. Sept. 1, 2023) ("The ALJ must consider all the relevant

evidence in the record, however, and may not point to only those portions of the records that bolster [his] findings").

In January 2021 and March 2022, Dr. Mashburn opined Plaintiff had marked limitations in her abilities to: perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and complete a normal workday and work week without interruptions from psychologically based symptoms. Tr. 1008, 1019. He opined that Plaintiff's overall severity rating was marked. *Id.*

The ALJ found both opinions unpersuasive on the grounds they were unsupported and inconsistent with the medical record. Tr. 30. The Court notes the ALJ melds the supportability and consistency factors, stating the opinions were inconsistent with Dr. Mashburn's own findings and unsupported by normal mental status examinations (MSEs) throughout the record. *See Lisa Ann M. v. Kijakazi*, 2024 WL 39193, at *3 ("Supportability and consistency are terms of art and are not interchangeable"). However, the Court can readily discern which parts of the ALJ's analysis support each factor by the context of his statements. *See Woods,* 32 F.4th at 793, n.4 (where an ALJ stated an opinion was "not supported by the record," the context of the statement indicated the ALJ meant the "opinion was inconsistent with other record evidence") (internal quotation marks omitted).

**1. Supportability**

The ALJ found the opinions unsupported by Dr. Mashburn's examination findings, which determined, in part, depressed mood, goal directed speech, cooperative attitude, and memory, fund of knowledge, concentration, abstract thought, and insight/judgment were all within normal

limits. Tr. 30. The ALJ concluded these findings did not support the marked limitations Dr. Mashburn opined. *Id.*

Plaintiff argues the ALJ erred by relying only on the MSE findings and excluding the doctor's other examination results. Dkt. 7 at 3. Plaintiff also contends the ALJ improperly characterized the MSE results as being "normal" or "within normal limits" when both MSEs contained multiple abnormalities. *Id.* The Commissioner argues the MSE findings "could not possibly support" the marked limitations.

An ALJ may discount a doctor's opinion if the doctor's clinical notes and recorded observations contradict the doctor's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). However, as the Ninth Circuit has emphasized, isolated normal findings must be viewed in the context of the "overall diagnostic picture the provider draws." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Outside of the MSE findings, Dr. Mashburn found Plaintiff's depression was severe, she had a rapid cycling mood, times of pressured speech, and poor judgment, and that she suffered from nightmares, flashbacks, intrusive thoughts, and severe hypervigilance because of PTSD. Tr. 1007. The doctor also noted Plaintiff isolates in her apartment because being around people triggers her anxiety and threatens her sobriety. *Id.* Symptoms such as these are not captured by the categories of the mental status examination. The ALJ did not acknowledge or address the portions of the opinions which indicate that the marked limitations flow from symptoms related to Plaintiff's bipolar disorder, depression, and chronic PTSD, rather than cognitive limitations such as memory, concentration, or abstract thought.

The Court finds the ALJ's focus on the MSE results to the exclusion of the other findings in the opinions is an erroneous selective focus on evidence. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (an ALJ cannot "reach a conclusion first, and then attempt to justify it

by ignoring competent evidence in the record that suggests an opposite result."). By ignoring the other portions of Dr. Mashburn's findings and opinions, the ALJ erroneously found that the doctor's MSE findings undermine his opinions about the severity of Plaintiff's limitations.

The Commissioner also contends Dr. Mashburn did not provide explanations for his opined limitations. Dkt. 9 at 3. The Commissioner's argument fails for two reasons. First, as discussed above, the doctor's opinions flow from his assessment that Plaintiff's limitations were a consequence of severe depression; her nightmares, flashbacks, intrusive thoughts, and severe hypervigilance because of PTSD; her self-isolation and anxiety. There is thus a rationale that the ALJ should have but failed to address. Additionally, the ALJ did not reject Dr. Mashburn's opinion on the ground the doctor failed to explain his opinion. The Court thus declines to affirm the ALJ's determination based upon a rationale proffered by the Commissioner but which the ALJ in his decision neither set forth nor relied upon. *Garrison*, 759 F.3d at 1010.

Accordingly, the Court finds the ALJ erroneously discounted Dr. Mashburn's opinions as unsupported by his own examination findings.

   2. **Consistency**

The ALJ also rejected Dr. Mashburn's opined limitations as inconsistent with "largely normal" mental status examinations throughout the record. Tr. 30. (citing Tr. 582, 585, 592, 595-666, 796, 907, 912, 916, 922, 926, 938, 942, 945, 951, 1041, 1050, 1063, 1070-71, 1082, 1091, 1095, 1156, 1160, 1165, 1168-1231, 1348, 1357, 1365, 1371-1653, 1747, 1749, 1751, 1760-1830, 1868, 1872, 1875, 1878-2001). As to the 2022 opinion, the ALJ noted "nearly all" of the mental status examinations completed after Dr. Mashburn's second opinion "reflected fully normal appearance, cooperative and calm behavior, normal thought content, intact memory, and normal thought process." Tr. 30 (citing Tr. 1868, 1872, 1875, 1878-2001).

Plaintiff argues the ALJ impermissibly cherry-picked evidence of purportedly normal MSE findings and failed to cite to other findings in the record that were "abnormal and of significant consequence to [Plaintiff's] ability to function in the workplace[.]" Dkt. 7 at 3-4. The Commissioner asserts the ALJ reasonably found the normal findings inconsistent with Dr. Mashburn's limitations and claims Plaintiff's argument is a request for the Court to accept an alternative interpretation of the evidence. Dkt. 9 at 3-5.

The records cited by the ALJ contain the referenced normal findings, but also contain many abnormalities. For instance, several of the MSEs include observations of paranoid ideation (Tr. 582, 1365, 1830) and auditory hallucinations (Tr. 1230, 1651, 1365, 1830, 1957). Plaintiff also described paranoid delusions on multiple occasions. *See, e.g.*, Tr. 582 (Plaintiff stopped taking her medication because someone at her parent's house was "doing things" to them); 907 (Plaintiff reported being afraid that Latuda taken in combination with anesthesia "would allow people in society to try to kill her off").

Furthermore, the ALJ isolates the MSE results from the treatment notes in which they appear and thus improperly cherry-picked only evidence favorable to his RFC determination. *Richard D. v. Comm'r of Soc. Sec.*, 2022 WL 4354815, at *9 (W.D. Wash. Sept. 20, 2022) (an ALJ must not "cherry-pick" certain observations without considering their context); *Holohan v. Massanari*, 246 F.3d 1195, 1207-08 (9th Cir. 2001) (an ALJ cannot selectively rely on some entries in plaintiff's records while ignoring others). The treatment records are rife with examples of abnormal behavior and symptoms. Plaintiff consistently reports struggling with hygiene, going anywhere from three days to three weeks without bathing. Tr. 1887, 1904, 1915, 1957, 2035. Plaintiff also has difficulty sleeping, endorsing multiple awakenings during the night, and sometimes goes multiple days without sleep during manic episodes. Tr. 1915, 1929, 1981, 2035,

2050, 2057, 2090. The record also documents persistent anxiety regarding leaving her apartment and being in public. Tr. 1915, 1942, 1989, 2006, 2014, 2029, 2035.

Considering such findings, the Court finds the ALJ mischaracterized the record evidence in describing Plaintiff's MSE results as "largely normal." The medical record cannot reasonably be interpreted to support the ALJ's finding Plaintiff's MSEs are normal. The ALJ's consistency finding is therefore not supported by substantial evidence.

In reviewing the record as a whole, the Court finds substantial evidence does not support the ALJ's determination to discount Dr. Mashburn's opinions as unsupported and inconsistent. "In essence, the ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports. His paraphrasing of record material is not entirely accurate regarding the content or tone of the record." *Reddick,* 157 F.3d at 722-23. Had the ALJ properly considered Dr. Mashburn's opinions, the RFC may have included additional limitations, or the ultimate determination of disability may have changed. The ALJ's error is therefore not harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052, 1054 (9th Cir. 2006) (if ALJ's error results in an RFC that omits relevant work-related limitations, the RFC is deficient, and the error is not harmless).

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

/

/

/

/

On remand, the ALJ shall reassess the opinions of Dr. Mashburn, develop the record and reassess Plaintiff's RFC as needed, and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 26th day of June 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING - 9